Entered on Docket
February 07, 2014
EDWARD J. EMMONS, ACTING CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes
the order of the court. Signed February 7, 2014

_____
M. Elaine Hammond
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                        Case No. 12-40496 MEH
                                             Chapter 13
Mylinh Bui,

                             Debtors.   /

Mylinh Bui and                               Adv. No. 13-4220 AH
Tung Lam,

                             Plaintiffs,

vs.

OneWest Bank FSB,

                             Defendant.   /

**MEMORANDUM DECISION**

    Mylinh Bui and Tung Lam (the "Plaintiffs") filed a complaint for wrongful foreclosure and additional related relief. Defendant, OneWest Bank, FSB ("OneWest" or the "Defendant"), filed a Motion to Dismiss Adversary Proceeding (the "Motion") and Request to Take Judicial Notice. On February 3, 2013, the court held a hearing on the Motion. Michael J. Yesk appeared on behalf of Plaintiffs and Lisa Bowman

MEMORANDUM DECISION                     1

appeared on behalf of Defendant.  Upon due consideration, the court hereby resolves the Motion as follows.

**Facts**

On February 2, 2007 Plaintiffs recorded a Deed of Trust in favor of IndyMac Bank, F.S.B. ("IndyMac") on the property subject to this controversy.  MERS, as Nominee for IndyMac, is named as the Beneficiary and United General Title Insurance Co. is named as the Trustee.

On March 19, 2009, the Federal Deposit Insurance Corporation completed a sale of IndyMac to OneWest.

On November 25, 2009, OneWest as present Beneficiary recorded a Substitution of Trustee, substituting Meridian as Trustee.

Plaintiff alleges that MERS "tried to record" an Assignment Deed of Trust in favor of U.S. Bank, N.A. on February 9, 2010.  (Compl. ¶ 7).  Plaintiff further alleges that no transfer of a beneficial interest was attempted until February 9, 2010.

On September 21, 2011, OneWest recorded an Assignment Deed of Trust as attorney in fact to U.S. Bank. N.A., as Trustee for CSMC Mortgage-Backed Trust 2007-4 (the "Trust"), naming the Trust as Beneficiary.

On September 21, 2011, OneWest additionally recorded a Substitution of Trustee as attorney in fact to the Trust, substituting Meridian as Trustee.

On September 21, 2011, Meridian recorded a Notice of Default on the obligation (the "Notice of Default").

MEMORANDUM DECISION 2

On December 23, 2011, Meridian recorded a Notice of Trustee's sale on the subject property.

**Standard of Review**

The Federal Rules of Bankruptcy Procedure, incorporating the Federal Rules of Civil Procedure, provide that a complaint "must contain a short and plain statement showing that the pleader is entitled to relief." FRCP 8(a)(2), FRBP 7008. This requires more than a demand for relief or recitation of the statutory legal grounds for the elements of a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 1949-50 (2009); *Moss v. US Secret Service*, 572 F.3d 962 (9th Cir. 2009).

FRCP 12(b)(6) and FRBP 7012 provide that a defendant may obtain the dismissal of an adversary proceeding if the complaint fails to state a claim upon which relief can be granted. All well-pleaded allegations made by the plaintiff are accepted as true, and construed in the light most favorable to the nonmoving party. *Iqbal*, 556 U.S. at 678. The plaintiff must allege sufficient facts to state a claim for relief that is plausible on its fact. However, the court is not required to accept legal conclusions. As stated by the Supreme Court in *Iqbal*, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice…" *Id*. Review of the sufficiency of the complaint is based upon allegations in the complaint and any attached exhibits.

Case: 13-04220    Doc# 22    Filed: 02/07/14    Entered: 02/07/14 11:10:02    Page 3 of 15

## **Claim I: Wrongful Foreclosure**

Plaintiffs challenge OneWest's power of sale and the Notice of Default because it is "unclear" who the true holder of the beneficial interest in Plaintiffs' mortgage was when the Notice of Default was issued (Compl. ¶¶ 26-27). Plaintiffs argue that foreclosure proceedings were wrongfully initiated because "Defendant was not an entity authorized to invoke the power of sale under Plaintiffs' Deed of Trust." (Compl. ¶ 28).

Under California law, however, a foreclosing entity need not (1) show that it has "a beneficial interest in both the Note and the Deed of Trust to commence a non-judicial foreclosure sale," *Lane v. Vitek Real Estate Indus. Group*, 713 F.Supp.2d 1092, 1099 (E.D. Cal. 2010); or (2) produce the original note before initiating a foreclosure. *Debrunner v. Deutsche Bank National Trust Company, et al.*, 204 Cal.App.4th 433, 442 (Ct. App 2012).

Plaintiffs cite *Glaski v. Bank of America*, 218 Cal.App.4th 1079 (Ct. App. 2013) in support of their argument that Defendant was unauthorized to invoke the power of sale. The Complaint alleges that MERS' transfer to OneWest (the "Transfer") was void, as the transfer took place after the 2007 closing date of the Trust. According to Plaintiffs, this violated the terms of the Pooling and Service Agreement that governs the Trust (the "PSA"), rendering the Transfer void under *Glaski* (Compl. ¶ 24).

*Glaski* is a minority opinion that has been rejected by most courts in this District. *In re Sandri*, 501 B.R. 369, 374-5 (Bankr. N.D. Cal.

MEMORANDUM DECISION 4

2013). Whereas *Glaski* interpreted New York trust law to render a transfer after the trust closing date void, an interpretation that Plaintiffs have urged this court to adopt in the Complaint and at the hearing, New York state case law is well settled on the issue. Although New York Estate Powers & Trusts Law § 7-2.4 states that "every act in contravention of the Trust is void," New York courts do not apply that code section literally. *See id.* at 375-6 (collecting cases). Rather, those courts treat acts in contravention of a Trust as merely voidable because a beneficiary can ratify a trustee's ultra vires act under state law. *Mooney v. Madden*, 597 N.Y.S.2d 775, 776 (3d Dep't 1993). Thus, under New York case law, the Transfer in the instant case is merely voidable, not void.

Following this interpretation, a majority of courts in this District and elsewhere have found that borrowers lack standing to challenge their liability under a note and security instrument by alleging that the assignment of such instruments did not comply with the PSA. *In re Sandri*, 501 B.R. at 374. Plaintiffs are neither a party to nor a third party beneficiary of the PSA and have no standing to challenge a voidable transaction on the basis that the transaction violated the terms of the PSA.[1] *Id.* at 378.

---

[1] Plaintiffs' Opposition to Motion to Dismiss Complaint argues that Plaintiffs are parties to the securitization process, based on information from a brochure taken from U.S. Bank's website. (Opp. at 6). The court does not find this argument persuasive. Moreover, the exhibit that Plaintiffs' argument relies upon is not part of the Complaint.

MEMORANDUM DECISION 5

As Plaintiffs have no standing to challenge the Transfer to OneWest under the terms of the PSA as a matter of law, Plaintiffs have not alleged any sufficient basis for their assertion that OneWest was not the true holder of a beneficial interest under the Deed of Trust.

In addition, Defendants argue that full tender of the amount due under the Note is required in order to challenge the foreclosure proceedings. (Motion at 7). Plaintiffs argue that the tender rule does not apply because (1) tender is not required when a foreclosure sale has not yet occurred (Opp. at 10); and (2) tender is not required when the contested foreclosure proceedings are void, and not voidable (Compl. ¶ 31).

The court disagrees with Plaintiffs' first argument. As other courts in this district have held, "[w]hen a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt to maintain any cause of action for wrongful foreclosure." *Alicea v. GE Money Bank*, 2009 WL 2136969, *3 (N.D.Cal. 2009). Plaintiff's second argument is inapplicable in the instant case, as Plaintiffs' Complaint does not support a finding that the foreclosure proceedings are void. As a result, Plaintiffs' wrongful foreclosure claim is additionally insufficient because it does not allege tender.

For the above reasons, the court GRANTS Defendant's Motion as to Claim I with leave to amend.

MEMORANDUM DECISION         6

## Claim II: Breach of Express Agreement

Plaintiffs allege that Defendant breached both the Deed of Trust and the PSA.

Under California law, to state a breach of contract claim, a plaintiff must allege: (1) the existence of a contract; (2) plaintiff's performance; (3) defendant's breach; and (4) resulting damages to the plaintiff. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). Plaintiffs do not allege performance nor excuse for nonperformance, and do not sufficiently plead damages.

Plaintiffs first allege breach of Sections 22 and 24 of the Deed of Trust, which describe the rights and responsibilities of the "Lender" in the event of the borrower's default and the procedures for substitution of trustees under the Deed of Trust. Plaintiffs allege that OneWest breached the terms of Sections 22 and 24 by purporting to act as the "Lender" when filing the Substitution of Trustee on September 21, 2011 and initiating foreclosure proceedings against the subject property, despite having "never held a beneficial interest in the deed of trust." (Compl. ¶ 37). This argument ignores language in the Deed of Trust that authorizes the beneficiary of the Deed of Trust "to exercise any or all of [the interests granted by Plaintiffs in the Deed of Trust], including, but not limited to, the right to foreclose and sell the Property ... ."

Here, IndyMac was Plaintiffs' original lender. On February 2, 2007, Plaintiffs recorded the original Deed of Trust, naming MERS as Beneficiary and Nominee for "Lender and Lender's successors and

MEMORANDUM DECISION 7

assigns." On March 19, 2009, the FDIC completed a sale of IndyMac and its assets to OneWest, and OneWest stepped into IndyMac's shoes as successor-in-interest. On September 21, 2011, OneWest recorded an Assignment Deed of Trust as attorney in fact to the Trust, naming the Trust as Beneficiary. On that same date, OneWest recorded a Substitution of Trustee, substituting Meridian as Trustee. The Notice of Default and Notice of Trustees sale that followed were recorded by Meridian, acting on its authority as Trustee, through the 2011 Substitution of Trustee. As Plaintiffs have not adequately pled that OneWest does not hold a beneficial interest in the deed of trust, Plaintiffs fail to sufficiently allege breach.

Plaintiffs next argue that OneWest breached the PSA because the Transfer to the Trust occurred after the Trust closed, in contravention of the PSA and IRS regulations. Plaintiffs assert the Transfer was thus void under New York law. (Compl. ¶¶ 38-40). As discussed above, the court finds this basis is insufficient to allege a valid claim.

For the above reasons, the court GRANTS Defendant's Motion as to Claim II with leave to amend.

### **Claim III: Breach of Implied Agreement**

A cause of action for breach of implied contract requires an implied promise, inferred from the promisor's conduct. *Yari v. Producers Guild of Am., Inc.*, 161 Cal.App.4th 172, 182 (Ct. App. 2008). In addition to sharing the insufficiencies of Claim II, Claim III does not allege that Defendants made an implied promise. At the Hearing,

MEMORANDUM DECISION 8

Plaintiffs argued that the implied promise pertained to a potential mortgage modification, however the Complaint does not include any allegations on this point.

Accordingly, the court GRANTS Defendant's Motion as to Claim III with leave to amend.

### Claim IV: Slander of Title

To establish a claim for slander of title, Plaintiff must establish: (1) publication; (2) falsity; (3) absence of privilege; (4) disparagement of another's land which is relied upon by a third party; and (5) direct pecuniary loss. *See Smith v. Commonwealth Land Title Ins. Co.*, 177 Cal.App.3d 625, 630 (Ct. App. 1986). A plaintiff must also show malice where the publication is a privileged communication, such as a statutorily required mailing, publication, or delivery of a notice in a nonjudicial proceeding. *See Kachlon v. Markowitz*, 168 Cal.App.4th 316, 333-34 (Ct. App. 2008).

Plaintiffs do not sufficiently allege the falsity element of the claim. Plaintiffs have not asserted that their underlying debt was invalid or that they are current on payments.

Further, Plaintiffs have not alleged direct pecuniary loss as a result of the slander of title. *See Chan Tang v. Bank of Am., N.A.*, 2012 WL 960373, *15 (C.D. Cal. Mar. 19, 2012). Plaintiffs claim "pecuniary damages in the form of losing legal title in their property," however no foreclosure has occurred.

MEMORANDUM DECISION 9

As to the malice requirement, Plaintiffs argue that OneWest acted with malice when it initiated foreclosure proceedings against Plaintiff despite lacking "reasonable grounds for belief in the truth of [the] publications." (Compl. ¶ 56). Plaintiffs further assert that OneWest acted with malice when it purported to assign an interest in the mortgage to U.S. Bank, N.A. despite lacking reasonable grounds to believe the transfer would be valid, because the transfer violated the terms of the PSA and IRS rules. (Compl. ¶ 57). These allegations rely on the success of Plaintiffs' prior arguments that OneWest had no right to foreclose and that the Transfer to the Trust was improper.

For the above reasons, the court GRANTS Defendant's Motion as to Claim IV with leave to amend.

### Claim V: Violation of California Civil Code § 2923.5

California Civil Code § 2923.5 requires that a foreclosing party contact a borrower at least 30 days prior to filing a notice of default. Plaintiffs allege that OneWest violated this section because Defendant is not the holder of a beneficial interest in the mortgage. (Compl. ¶ 62). As Plaintiffs have not sufficiently pled that Defendant is not the holder of a beneficial interest, the court GRANTS Defendant's Motion as to Claim V with leave to amend.

## Claim VI: Violation of 18 U.S.C. § 1962

Plaintiffs allege that OneWest committed mail and wire fraud in violation of 18 U.S.C. § 1962 ("RICO") "when it used the U.S. mail or internet to send communications to Plaintiff and others, purporting to be the holder of [a] beneficial interest under Plaintiffs' Deed of Trust when in fact this was not true." (Compl. ¶ 67). A claim for a RICO violation generally requires sufficient allegations of "a pattern of racketeering activity" and an "enterprise". *Koenig v. Bank of Am., N.A.*, 2013 WL 6839625, *6 (E.D. Cal. Dec. 23, 2013).

Plaintiffs have failed to sufficiently allege a pattern of racketeering activity. A RICO claim under § 1962 sounds in fraud, and thus it must meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b). The complaint must set forth the "time, place, and specific content of the false representations" in a manner that is "specific enough to give [Defendant] notice of the particular misconduct." *Koenig v. Bank of Am., N.A.*, 2013 WL at *6 (RICO claim predicated on mail fraud failed to meet the pleading requirements of Rule 9). Plaintiffs' Complaint makes generic allegations that lack the specificity required by Rule 9(b).

Additionally, a RICO injury requires both a showing of harm to a specific business or property interest and a concrete financial loss. *See Canyon County v. Sygenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008); *see also Diaz v. Gates*, 420 F.3d 897, 898 (9th Cir. 2005). Plaintiffs allege that they have been damaged by Defendant's conduct in that "they are at risk of losing their home to an entity that cannot

MEMORANDUM DECISION 11

prove it owns such asset in question." (Compl. ¶ 71). Plaintiffs also assert a loss of equity and diminution of value in the property. These damages are merely speculative, and the claim fails to allege a concrete financial loss.

Finally, there must be a causal nexus between a defendant's RICO violation and a plaintiff's injury. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006) ("[A] claim is cognizable under [section] 1964(c) only if the defendant's alleged violation proximately caused the plaintiff's injury."). Plaintiffs fail to provide any plausible support that OneWest's actions caused a decrease in the value of their property, or that the property would not be subject to foreclosure but for OneWest's actions.

As with the preceding claims, this claim hinges upon a successful argument that OneWest does not hold a beneficial interest in the mortgage, which the Complaint does not support.

For the reasons above, the court GRANTS Defendants' motion as to Claim VI with leave to amend.

### Claim VII: Violation of 12 U.S.C. § 2605

12 U.S.C. § 2605 ("RESPA") imposes a requirement on lenders to respond within thirty days to a Qualified Written Request ("QWR") from a borrower for information relating to the servicing of a "federally related" mortgage loan. Plaintiffs allege that they submitted a Qualified Written Request to Defendant and Defendant has failed to

MEMORANDUM DECISION 12

timely respond.² As a result, Plaintiffs claim that they are unsure which entity holds the Note and whether mortgage payments have properly been applied.

For a correspondence to qualify as a QWR, it must contain a statement that explains "the reasons for the belief of the borrower, to the extent applicable, that the account is in error or [provide] sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. 2605(e)(1)(b)(ii). In addition, the correspondence must seek "information relating to the servicing of [the] loan." 12 U.S.C. 2605(e)(1)(a).

Here, it is unclear from the Complaint that Plaintifs' request amounted to a QWR under RESPA.³ Plaintiffs do not allege that their QWR raised the issue of the improper application of payments to their account. Further, the Complaint does not indicate whether the QWR appropriately sought information regarding the servicing of the loan, or whether it merely inquired as to the ownership of the loan.

The Complaint alleges that "Plaintiffs' actual damages include but are not limited to mortgage payments that were not properly credited to their account, devastation of their reputation and credit rating, monetary damages, and the loss of title to their property through the potential wrongful foreclosure upon their home." (Compl. ¶ 82). With

---

²The Complaint, however, does not state when Plaintiffs purportedly sent the QWR to OneWest.

³ The QWR is not included as an exhibit to the Complaint, and the Complaint merely states that the QWR "included a request that defendants provide the name and address of the Note holder." (Compl. ¶ 77).

MEMORANDUM DECISION 13

respect to Plaintiffs' assertion that mortgage payments were improperly credited to their account, Plaintiffs provide no explanation or details regarding the improper accounting. As to Plaintiff's other asserted damages, "uncertainty and impending harm, as opposed to actual harm, is insufficient to state a claim for damages under RESPA, and Plaintiffs' damages allegations must at least stem from the alleged harm." *Banh v. Aurora Loan Servs., LLC*, 2012 WL 2202982 (N.D. Cal. June 14, 2012).

For the reasons above, the court GRANTS Defendants' motion as to Claim VII with leave to amend.

### Claim VIII: Violation of California Bus. and Prof. Code § 17200

An unfair business practices claim under § 17200 is a derivative cause of action that hinges upon a finding of some underlying violation. In addition to alleging some foundational claim, a plaintiff must allege that he or she "has suffered injury in fact and has lost money or property" because of the violation. California Business and Professions Code § 17204. Plaintiffs claim that Defendants caused them "substantial harm," (Compl. ¶ 89) but again do not sufficiently specify a concrete injury to support their claim.

As Plaintiffs' first seven claims are insufficiently pled to provide an underlying violation for a § 17200 claim, and because Plaintiffs fail to sufficiently allege injury, the court GRANTS Defendant's Motion as to Claim VIII with leave to amend.

\*\*END OF MEMORANDUM DECISION\*\*

MEMORANDUM DECISION 14

COURT SERVICE LIST

ECF Recipients